FRANK STANEK AND ANOTHER v. FRANK J. JINDRA.[1]

April 9, 1925.

No. 24,458.

**Findings on conflicting evidence sustained.**
   1.  That vendors were not able, ready and willing to perform punctually, that defendant was, that plaintiffs then refused to perform, and that thereupon defendant rescinded, are findings made upon conflicting evidence and must stand.

**When lien of support contract remains on land after sale of it.**
   2.  The support contract, which both parties considered an encumbrance during and previous to the trial, would not cease to be a lien, if the land was sold, unless the lump payment therein provided was made.

**Tender too late.**
   3.  Plaintiffs are not in position to claim their tender of performance to have been in time.

**Upon justifiable rescission vendee entitled to recover amount paid.**
   4.  There being justifiable rescission by defendant, restoration of the amount paid by him was proper.
   *Headnote 1.  See Appeal and Error, 4 C. J. p. 900, § 2870.
   Headnote 2.  See Vendor and Purchaser, 39 Cyc. p. 1499.
   Headnote 3.  See Specific Performance, 36 Cyc. p. 712.
   Headnote 4.  See Specific Performance, 36 Cyc. p. 758.

Action in the district court for Rice county for specific performance of contract. The case was tried before Senn, J., who ordered judgment in favor of defendant. Plaintiffs appealed from an order denying their motion for a new trial. Affirmed.

   *Thomas H. Quinn, Paul Moonan* and *R. G. Moonan,* for appellants.
   *Odell & Fahey,* for respondent.

[1]Reported in 203 N. W. 215.

HOLT, J.

Specific performance of an agreement to buy real estate was denied, and plaintiffs appeal from the order denying a new trial.

By a contract duly executed plaintiffs agreed to sell and convey to defendant 80 acres of land in Rice county, Minnesota, for $18,800. One thousand dollars was paid down, and the balance was to be paid October 30, 1920, upon delivery of deed, $10,000 in cash and giving a note with a purchase money mortgage for $7,800. Time was made the essence of the agreement. It appears that plaintiffs had given a contract, which was of record, securing to the parents of plaintiff Frank, a yearly payment, so long as either lived, of the sum of $55, with the provision that if the land was sold by plaintiffs during the life of the parents of Frank, or either of them, "they bind themselves to pay to the" parents, or the survivor, $600 in lieu of the annual payments. When the day of performance arrived this support contract created an obstacle. The parties gave conflicting versions of what then and subsequently took place between them in respect to the satisfaction or removal of this encumbrance.

Two findings of fact of controlling importance are assailed as not supported, viz: (1) That on October 30, 1920, plaintiffs were not able and willing to convey an unencumbered title, because of said unsatisfied support contract; and (2) "that at no time subsequent to said 30th day of October, 1920, and prior to Nov. 18, 1920, nor on said 18th day of November, were said plaintiffs ready, able and willing to convey said premises to defendant pursuant to said agreement to convey; that said defendant on said 30th day of October and at all times to and including the 18th day of November, was ready, able and willing to perform the terms of said agreement on his part to be kept and performed; that on said 18th day of November said plaintiffs, on demand for performance then being made by said defendant, refused to perform the terms of said agreement on their part to be kept and performed and that on said 18th day of November said defendant for and on account of the refusal of said plaintiffs, rescinded said agreement to convey."

Nothing of value will be gained by setting out the evidence. It is enough to state that the record has been carefully examined and

there is ample support for the findings above mentioned. Plaintiff's proof is to the contrary; but the trial court was the one to determine who spoke the truth. We have no right to disturb findings based upon conflicting testimony, and which does not appear on the face of the record to preponderate in favor of the defeated party.

Plaintiffs make the claim in this court that the support contract was not an encumbrance which survived the sale, citing Woodward v. Jewell, 140 U. S. 247, 11 Sup. Ct. 784, 35 L. ed. 478, where there was an agreement apart from the mortgage deeds that the mortgagor "may sell the property named in said deeds and make titles thereto, the proceeds of the sale to go to the credit of" the mortgagee, and it was held to constitute a consent to selling and that a good title passed to the purchaser if the sale was for cash, but not if there was an exchange of properties. And no doubt the general rule in respect to chattel mortgages is that the mortgagee's consent to a sale of the chattel releases the lien as against the purchaser. Partridge v. Minnesota & Dak. Ele. Co. 75 Minn. 496, 78 N. W. 85; Wilson v. Geiss, 153 Minn. 211, 190 N. W. 61. It is doubtful whether the question may be raised now. In the answer the support contract was alleged to be a lien which prevented the giving of an unencumbered title as agreed, and the reply admitted the instrument to be a lien. The parties treated it as such in all their negotiations and the case was tried upon the theory that it was a subsisting encumbrance which required a release. The only dispute was as to whether or not plaintiffs had placed themselves in position to have it satisfied or removed concurrently with the payment being made by defendant. But that aside, we think the point not well taken. The provision in the contract is in the nature of a stipulation for the commutation of the yearly payments into a lump sum, in case of sale. There is no implication that the lien was to be discharged by a sale where the purchaser specifically objects to accepting a deed while the contract remains unsatisfied of record.

It is also urged that time was waived so that plaintiffs' tender of performance, after defendant announced that he rescinded, was good. The court did not so find nor was he asked to find on that proposition. Defendant's testimony went to show that he gave a few

days' time to plaintiff to remove the lien, but that, having given these, he sought them out on November 18, 1920, and offered to perform, at which time plaintiffs had taken no steps to remove the encumbrance, but refused, whereupon defendant rescinded. The evidence does not require a finding of waiver. There is no controversy as to the law. The cases cited by plaintiffs both upon waiver and the proposition that the support contract was an encumbrance that might have been discharged out of the moneys defendant was to pay when the deal was closed are good law, but inapplicable because of the findings of fact amply supported.

It is obvious that if defendant justifiably rescinded, as found, he was entitled to recover the thousand dollars he had paid on the contract.

The order must be and is affirmed.